## APPEAL OF GRANVILLE COAL CO.

Docket No. 5126. Decided October 26, 1926.

The deduction of a reserve of $5,000, set up as the estimated cost of reopening a mine, disallowed.

*B. B. Pettus, Esq.*, and *Wilton H. Wallace, Esq.*, for the petitioner.
*R. P. Smith, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of $2,300 in income and profits taxes for the calendar year 1920. The questions presented are the deductibility of a reserve to cover the expense of reopening a mine and whether a loss was sustained by the petitioner in 1920, and, if so, the amount thereof.

### FINDINGS OF FACT.

The petitioner is a West Virginia corporation organized in 1918 to take over the business and assets of a partnership of the same name, which had been in existence for about a year, and was engaged in the mining of coal on a 13-acre tract, known as the Dent Tract. Capital in the amount of $19,000 was paid in to the partnership and, shortly preceding the incorporation, Bierer, one of the partners, purchased Hartley's one-third interest for $10,000. The opening entries on the books of the corporation show that stock in the amount of $50,000 par value was issued for the above assets, which were set up on the books at $50,000.

In September, 1920, a creep or squeeze occurred in the petitioner's mine. As one of the officers of the company had hopes of recovering further coal from the seam, efforts were made in 1921 to reopen the mine. A reserve of $5,000 was set up on the taxpayer's books in 1920 as the estimated cost of doing the work. The amount of this reserve was deducted in the petitioner's return for 1920, which deduction was disallowed by the Commissioner. In 1921, something over $3,000 of this amount was spent in an unsuccessful effort to reopen the mine.

As a result of the cave-in, certain tracks and tools were lost and were never recovered. The movable property was subsequently offered for sale for $5,000. Some of it was sold as junk for $1,200. The remaining property was estimated to have a value of $2,500.

Up to December 31, 1918, the books show total entries in plant and equipment account of $55,273.09. At the end of 1920, the books show a net amount in plant and equipment account of $38,122.63, which is also the amount shown on the 1920 return.

MORRIS: We have already denied the deductibility of reserves, such as that involved in this appeal. *Appeals of William J. Ostheimer*, 1 B. T. A. 18; *Richmond Light & R. R. Co.*, 4 B. T. A. 91; *Pan-American Hide Co.*, 1 B. T. A. 1249; *Uvalde Co.*, 1 B. T. A. 932; *Morrison-Ricker Mfg. Co.*, 2 B. T. A. 1008; *Thatcher Medicine Co.*, 3 B. T. A. 154; and *Greenville Coal Co.*, 3 B. T. A. 1323. These decisions are controlling here.

The taxpayer is claiming a loss in the year 1920 of the difference between $38,122.63, the amount of the plant and equipment account carried on the books as of December 31, 1920, and the estimated salvage value of the property of $2,500, plus $1,200 received for the property which was sold. In view of the insufficiency of the evidence, we deem it unnecessary to pass upon the question whether a loss was sustained in the year 1920. We are unable, from the evidence before us, even though we determine that such a loss occurred, to determine the amount thereof. We do not know what the prior partnership paid for the assets which were subsequently transferred to the corporation. The only evidence we have, in this respect, is that $19,000 was paid in to the partnership. The corporation acquired these assets for capital stock of a par value of $50,000 and set them up on its books at that value. Shortly prior to incorporation, however, Bierer purchased a one-third interest in the partnership for $10,000, which would seem to indicate a value of $30,000 for the partnership as a going business. Because of the absence of such evidence as would enable us to determine the amount of such loss, the Commissioner's action is sustained.

> *The deficiency for 1920 is $2,300. Order will be entered accordingly.*